

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BENETTON U.S.A. CORPORATION, )
a Delaware corporation )
)
        Plaintiff, )
)
   v. ) Case No. 10 CV 106
)
DINKY, INC., an Illinois )
corporation, and )
ELAINE KOSTOPULOS, ) MAGISTRATE JUDGE
) ARLANDER KEYS
)
       Defendants. )

## Memorandum Opinion and Order

Plaintiff, Benetton U.S.A. Corporation ("Benetton"), filed a motion for partial summary judgment against Defendants, Dinky, Inc. ("Dinky") and Ms. Elaine Kostopulos, as to whether Ms. Kostopulos can be held personally liable for debts incurred in the name of Dinky. Defendants and Counter-Plaintiff, Dinky and Ms. Kostopulos, seek partial summary judgment that Ms. Kostopulos cannot be held personally liable in this case. For the reasons set forth below, Plaintiff's motion for partial summary judgment [60] is granted.

## Background

Plaintiff Benetton, a Delaware corporation, filed a complaint against defendants Dinky, an Illinois corporation (count II), and Ms. Elaine Kostopulos, the president of the corporation (count III), for failing to pay for merchandise delivered to defendants. *See* Complaint [1]. Plaintiff alleges

that Ms. Kostopulos purchased products from Benetton long after she knew, or should have known as president of the company, that Dinky had been administratively dissolved by the Illinois Secretary of State. Compl. ¶¶ 31-37. Plaintiff now seeks partial summary judgment on one legal issue: whether Ms. Kostopulos can be held personally liable for the debts incurred in the name of Dinky during its time of dissolution.

Ms. Kostopulos incorporated Dinky and commenced a business relationship with Benetton in 1989. Pl.'s R. 56.1 Statement ¶ 4. For twenty years, Ms. Kostopulos regularly purchased for Dinky apparel products manufactured by Benetton under the Benetton trade name. Kostopulos Aff. ¶¶ 1-6. She is, and always has been, the President of Dinky and remains its sole shareholder. *Id*. On October 2, 2004, Dinky was involuntarily dissolved for failing to file an annual report and pay an annual franchise tax. Ms. Kostopulos claims that she was unaware of Dinky's dissolution until late 2009. *Id*. at ¶ 19. Upon discovering that Dinky was dissolved, she immediately took the necessary steps to reinstate the corporation. *Id*. at ¶¶ 18-20. Dinky's application for reinstatement was filed with the Illinois Secretary of State on January 4, 2010. *Id*. Ex. 2.

During the roughly five years that Dinky was in fact dissolved, however, Ms. Kostopulos continued to operate as if she were a corporation, ordering and remitting payments to Benetton

as she had in the past. Kostopulos Aff. ¶ 32. Benetton affirms that, "[s]ince the inception of the business relationship between Dinky and Benetton Trading, Dinky has ordered hundreds of thousands of dollars worth of merchandise ...and has made fairly regular payments...However, Dinky's last payment to Benetton Trading was made in June of 2009." Compl. ¶ 10. Between June 2009 and November 19, 2009, Benetton sent Dinky several demand letters. Plaintiff alleges that Dinky currently owes Benetton the principle balance of $212,746.94. *Id.* at ¶ 30. Benetton seeks to hold Ms. Kostopulos personally liable for the debt incurred by Dinky after its dissolution date. Defendants' main argument against being held liable, is that the reinstatement of Dinky ratified the debt as solely a corporate obligation.

## Standard of Review

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Fed. R. Civ. P. 56 (c)*. In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting *Fed. R. Civ. P. 56(c)*). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "by affidavits or as otherwise provided for in [*Rule 56*] must set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e)*.

A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). The court must consider the evidence as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255.

## Analysis

Defendants' main contentions are that the Illinois case law as to whether corporate officers are liable for corporate debt during periods of dissolution is unsettled, and that the relation back doctrine of the Illinois Business Corporation Act of 1983 ("the Act") should shield Ms. Kostopulos from personal liability. Defendants' arguments in opposition to a string of well-settled State and Federal Court cases are unpersuasive. Moreover, Defendants' analysis of the Illinois Code, specifically the "relate-back" provision, parses sections, meant to be read together, in an effort to fashion a favorable outcome. However, no reasonable trier of fact could find otherwise, when reading the Act together with both the Illinois State and Federal case law, that an officer or director of a dissolved corporation is personally liable for the debts incurred by that dissolved corporation during the time of its dissolution -even if the corporation is subsequently reinstated.

Several sections of the Illinois Code are relevant to the disposition of this matter. First, Section 12.45(d), the "relate-back" provision, states that, after a dissolved corporation files an application for its reinstatement, the corporation "shall be deemed to have continued without interruption from the date of the issuance of the certificate of dissolution, and the corporation shall stand revived with such powers, duties and

obligations as if it had not been dissolved. . . ." *805 ILCS 5/12.45(d)*. Section 12.45(d) also states that "all acts and proceedings of its officers, directors and shareholders, acting or purporting to act as such, which would have been legal and valid but for such dissolution, shall stand ratified and confirmed." *805 ILCS 5/12.45(d)*. Second, Section *805 ILCS 5/8.65(a)(3)* ("*Section 8.65(a)(3)*") states that "the directors of a corporation that carries on its business after the filing by the Secretary of State of articles of dissolution, otherwise than so far as may be necessary for the winding up thereof, shall be jointly and severally liable to the creditors of such corporation for all debts and liabilities of the corporation incurred in so carrying on its business." *805 ILCS 5/8.65(a)(3)*.

The Illinois courts have read *Section 8.65(a)(3)* and *Section 12.45(d)* **together** to mean that "an officer of a corporation that has been involuntarily dissolved and is later reinstated is not relieved of personal liability for debts incurred by the business during the dissolution." *Cardem, Inc. v. Marketron Intern., Ltd.*, 322 Ill. App. 3d 131, 749 N.E.2d 477, 481, 255 Ill. Dec. 376 (Ill. App. Ct. 2001). The Illinois courts have also stated that "in order to hold an officer personally liable for debts assumed on behalf of a dissolved corporation, the courts have required evidence showing that the defendant knew, or because of h[er] position should have known, about the involuntary dissolution."

6

*Gonnella Baking Co. v. Clara's Pasta di Casa, Ltd.*, 337 Ill. App. 3d 385, 786 N.E.2d 1058, 1062, 272 Ill. Dec. 224 (Ill. App. Ct. 2003).

Defendants implore this Court to believe that *Cardem*, *supra*, *Gonnella*, *supra*, and several other State and Federal cases, *infra*, on point, are all "no longer viable based on fundamental logical flaws regarding their policy bases..." Defs.' Mem. P. 12 [68]. These claims are not only far-fetched, but misguided and unsubstantiated, therefore, the Court will not address them other than to say that none of the cases cited herein have been overturned. The Illinois Code, coupled with the Illinois case law, is clear: Ms. Kostopulous, as the sole officer of her corporation, "is not relieved of personal liability for debts incurred by the business during the dissolution." *Cardem, Inc. v. Marketron Intern., Ltd.*, 322 Ill. App. 3d 131, 749 N.E.2d 477, 481, 255 Ill. Dec. 376 (Ill. App. Ct. 2001).

Defendants argue that Ms. Kostopulos had no actual knowledge that Dinky was dissolved in 2004 upon her failing to file her annual report and pay her franchise tax. This is a futile defense, as actual knowledge is unnecessary; constructive knowledge is enough. In a similar case, Judge Der-Yeghiayan explained that the Defendant "improperly focuses on whether she had actual notice of the dissolution, and ignores the clear case law which states that the question of personal liability also

hinges on whether an officer should have known of a corporation's dissolution." *Hong Kong Electro-Chemical*, 2006 U.S. Dist. LEXIS 29714, (quoting *Cardem v. Marketron*, 322 Ill. App. 3d at 136). *See also Gonnella Baking Co.*, 786 N.E.2d at 1062; *Affiliated Capital Corp. v. Buck*, 886 F.Supp. 647, 649 (N.D. Ill. 1995)(citing *Steve's Equip. Service, Inc. v. Riebrandt*, 121 Ill. App. 3d 66, 459 N.E.2d 21, 24, 76 Ill. Dec. 612 (1st Dist. 1984)).

The five year span of time that Dinky was dissolved only aids in the decision that Ms. Kostopulos ought to have known of her company's dissolution. It is hard to believe that a corporation's president and sole shareholder could for fifteen, consecutive years properly file reports and pay franchise taxes, but then for the latter five years have no idea that her corporation was dissolved.[1] Five years is no short while, and any long-time business owner should have known that their business had been dissolved. *See Affiliated Capital Corp*, 886 F.Supp. at 649 (stating that "as president of [the corporation, the defendant] presumably knew or at a minimum should have known that [the corporation] had been dissolved"); *Chicago Tile Inst. Welfare Fund v. Hermansen*, 1996 U.S. Dist. LEXIS 3355, 1996 WL

---

[1] The Court respectfully acknowledges Ms. Kostopulos' unfortunate family and monetary issues resulting from her daughter's tragic accident in 2001, and notes that she under oath declares to have zero assets with which to individually satisfy a judgment. Kostopulos Aff. ¶¶ 36-38.

8

131800, at *4 (N.D. Ill. 1996)(finding that "as sole shareholder, director and officer[, the defendant] should have known of the statutory requirements that an annual report be filed and that franchise taxes be paid, and that failure to satisfy these requirements would result in dissolution"). Therefore, the Court finds that no reasonable trier of fact could find other than that Ms. Kostopulos, at minimum, should have known about the dissolution of Dinky.

Section 8.65(a)(3) of the Illinois Code imposes joint and several liability on an officer who conducts business on behalf of a dissolved corporation. Section 12.45(d) was not drafted later in the Code to render its earlier section 8.65 (a)(3) void, instead it was drafted by the State of Illinois to permit a "reinstated corporation to ratify actions taken on its behalf while it was dissolved. *Affiliated Capital Corp*, 886 F.Supp. at 649. Therefore, as president and sole shareholder of Dinky, Ms. Kostopulos cannot escape liability by reinstating her corporation. Accordingly, no reasonable trier of fact could find other than that Ms. Kostopulos can be held individually liable in this case. Therefore, this Court grants Benetton's motion for partial summary judgment.

## Conclusion

For the reasons set forth above, Plaintiff's motion for

partial summary judgment [60] is granted. Defendants/Cross-Plaintiffs' motion for partial summary judgment [67] is denied.

Date: October 19, 2011        E N T E R E D:

_____
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT